NOT DESIGNATED FOR PUBLICATION

No. 113,870

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ADDISON TYREL WINGER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Ford District Court; VAN Z. HAMPTON, judge. Opinion filed March 2, 2018.
Affirmed.

*Michael S. Holland II*, of Holland and Holland, of Russell, for appellant.

*J. Scott James*, assistant county attorney, *Natalie K. Randall*, county attorney, and *Derek Schmidt*,
attorney general, for appellee.

Before HILL, P.J., MCANANY and ATCHESON, JJ.

PER CURIAM:  Defendant Addison Tyrel Winger challenges the Ford County
District Court's ruling denying his motion to suppress the results of a breathalyzer test
used to support his conviction for driving under the influence in violation of K.S.A. 2013
Supp. 8-1567. Winger contends his consent to the testing was impermissibly coerced
because of the criminal penalties imposed in K.S.A. 2013 Supp. 8-1025, a statute the
Kansas Supreme Court has since held to be unconstitutional. The State counters that the
district court's ruling may be affirmed because the arresting officer acted in good-faith

1

reliance on K.S.A. 2013 Supp. 8-1025, thereby overriding the exclusionary rule applied to bar evidence government agents obtain in violation of the Fourth Amendment to the United States Constitution.

The district court heard the motion to suppress and the trial of the DUI charge simultaneously based on stipulated facts. The stipulation established that a Ford County Sheriff's deputy stopped Winger in September 2013 and had probable cause to arrest him for driving under the influence. After his arrest, Winger took a breathalyzer test that showed his blood-alcohol level to be over the legal limit set in K.S.A. 2013 Supp. 8-1567. The district court denied the motion to suppress, found Winger guilty, and duly sentenced him. Winger appealed. The appeal has been held awaiting rulings in *Birchfield v. North Dakota*, 579 U.S. ___, 136 S. Ct. 2160, 2185-86, 195 L. Ed. 2d 560 (2016); *State v. Ryce*, 303 Kan. 899, 368 P.3d 342 (2016) (*Ryce I*), *aff'd on reh'g* 306 Kan. 682, 396 P.3d 711 (2017) (*Ryce II*); and *State v. Nece*, 303 Kan. 888, 367 P.3d 1260 (2016) (*Nece I*), *aff'd on reh'g* 306 Kan. 679, 396 P.3d 709 (2017) (*Nece II*), and supplemental briefing from the parties on those cases. The Kansas Supreme Court held K.S.A. 2016 Supp. 8-1025 to be unconstitutional in *Ryce II*, 306 Kan. at 700, reaffirming its pre-*Birchfield* determination—a conclusion rendering Winger's consent in this case legally tainted.

In its present factual and legal posture, this case presents precisely the same controlling issue bearing on the application of the good-faith exception that this court recently addressed in *State v. Perkins*, 55 Kan. App. 2d ___, Syl. ¶ 6 (No. 112,449, this day decided). We find the reasoning and result in *Perkins* on the point persuasive. We, therefore, affirm the district court's denial of Winger's motion to suppress because the arresting officer relied in good faith on K.S.A. 2013 Supp. 8-1025, before it was declared unconstitutional, to inform Winger about the legal consequences of declining to take the test. In turn, we affirm Winger's conviction and sentence.

Affirmed.